IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

vs.                              Case No. 15-10045-03-JTM

James K. Friend,

        Defendant.

MEMORANDUM AND ORDER

Defendant James Friend was the President of Prairie State Bank (PSB) from 2005 to 2013. The Indictment and Superseding Indictment both allege that Friend essentially turned a blind eye to a massive drug money laundering scheme which took place at PSB, orchestrated by co-defendants George and Agatha Enns. (Dkt. 59). The Superseding Indictment alleges that Friend knew of these transactions, and participated in (Count 1) a money laundering conspiracy in violation of 18 U.S.C. § 1956(h); (Count 2) failed to file Suspicious Activity Reports relating to the Enns's banking over a three year period, in violation of 31 U.S.C. § 5318(g)' and (Counts 3-32), engaged in illegal financial transactions with respect to 29 cash deposits at PSB, knowing the deposits to the be proceeds of criminal activity.

The matter is now before the court on Friend's motion for a bill of particulars. (Dkt.

52). Friend seeks information including "the exact date and time of all communications occurring between defendant James K. Friend and alleged co-conspirators relevant to the charges pending against him herein; including, but not limited to, telephone calls, emails, text messages or instant messages, " the "specific terms of any conspiratorial agreement," and the identity of any and all "persons present when the alleged conspiracy was formed or commenced." (Dkt. 52, at 1-2).

Fed.R.Crim.Pr. 7(c) does not require that an indictment separately set forth every communication or document which may be referenced at trial. Rather, the text of the Rule requires simply "a plain, concise, and definite written statement of the essential facts constituting the offense charged." A bill of particulars serves to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir.1992) (citations and internal quotation marks omitted).*See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996).

The burden is on the defendant to demonstrate that, in the absence of a bill of particulars, he or she will not have any meaningful opportunity to prepare a defense, risks unfair suprise at trial, or faces a serious risk of double jeopardy. *See United States v. Diaz*, 2011 Wl 6118610, *2 (D. Kan. Dec. 8, 2011). Whether to grant a bill of particulars under Rule 7(f) is committed to the discretion of the court. *Will v. United States*, 389 U.S. 90, 99 (1967).

A criminal defendant "is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *Levine*, 983 F.2d at 166-67 (citations and internal quotation marks omitted) (emphasis in the original). Thus, where

the government complies with its discovery and disclosure obligations, a bill of particulars will be granted only rarely. *See United States v. Ard*, 2011 WL 686178, *3 (D. Kan. Feb. 18, 2011) (the court "has seldom granted discovery in a full disclosure case"). A request for a bill of particulars which "reads like a discovery request in which [defendant] seeks all the factual proof the government intends to offer at trial" will be denied, since "[a] bill of particulars is not the proper vehicle to obtain the government's evidence." *Diaz*, 2011 WL 6118610, at *2 (citing *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980).

The defendant has failed to meet his burden to show that, without the highly detailed review of the government's evidence sought in his motion, he cannot frame a meaningful defense, that there is a risk of unfair surprise at trial, or that he faces a substantial risk of double jeopardy. The Superseding Indictment alleges the general period and purpose of the conspiracy. It sets forth the participants — James Friend, George Enns, and Agatha Enns. The Superseding Indictment sets forth the additional involvement of other PSB officers, Kathy Shelman and Matthew Thomas. And the Superseding Indictment sets forth the general history of the Enns's involvement with PSB, the Enns's story of returning from Mexico with the (cash) proceeds from "corn sales," and sets forth a detailed history of their monetary transactions at the bank. The information provided in the Superseding Indictment provides a sufficient basis to frame a defense to the charges, and the request for a bill of particulars (Dkt. 52) is hereby denied.

IT IS SO ORDERED this 5th day of November, 2015.

              _____s/ J. Thomas Marten__
              J. THOMAS MARTEN, JUDGE